Eric J. Goodman (State Bar No. 210694)
David A. Berstein (State Bar No. 204472)
Nicholas D. Myers (State Bar No. 251809)
BURKHALTER KESSLER
GOODMAN & GEORGE LLP
2020 Main Street, Suite 600
Irvine, California 92614
Telephone:  949.975.7500
Facsimile:  949.975.7501
iplit@bkgglaw.com

Attorneys for Defendant/Counter-Plaintiff
Advanced Alternative Concepts, Inc. aka AAC, Inc.



# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

| | |
|---|---|
| METAL MULISHA, LLC, a California limited liability company and MM COMPOUND, LLC, a California limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>ADVANCED ALTERNATIVE CONCEPTS, INC., a California corporation; AAC, INC., a California corporation, and DOES 1-10,<br><br>Defendants.<br><br>ADVANCED ALTERNATIVE CONCEPTS, INC., a California corporation,<br><br>Counter-Claimant,<br><br>v.<br><br>METAL MULISHA, LLC, a California limited liability company; BRIAN DEEGAN, an individual, and ROES 1-10,<br><br>Counter-Defendants. | Case No. ED CV08-01356 SGL (OPx)<br><br>**STIPULATED [PROPOSED] PROTECTIVE ORDER PURSUANT TO RULE 26(c) OF THE FEDERAL RULES OF CIVIL PROCEDURE** |

1

STIPULATED PROTECTIVE ORDER

*Courtesy Copy*

Subject to the approval of this Court, the Parties to this matter hereby stipulate to the following protective order.

## I. GOOD CAUSE STATEMENT

### A. Factual Background.

The Parties to this case are in the business of, among other things, manufacturing, marketing, distributing and selling various consumer products bearing the trademark METAL MULISHA. Discovery activity in this action is likely to involve production of competition sensitive, confidential, proprietary, and/or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. Additionally, certain such confidential information need to be protected from disclosure to other competitors in the market, so as to avoid harm.

The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. The Parties further acknowledge, as set forth in Section 10, below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal.

### B. The Proposed Protective Order Focuses on the Protection of Commercially and/or Competition Sensitive Business Information.

Federal Rule of Civil Procedure Rule 26(c)(7) permits the granting of a protective order upon a showing of good cause, and provides that the protection of a trade secret or other confidential commercial information is a proper basis for the issuance of a protective order. <u>Gray v. Rodewald</u>, 133 F.R.D. 39, 40 (N.D. Cal. 1990). A protective order that focuses on preventing disclosure of particular information, *e.g.* confidential business information, where disclosure would "likely cause serious harm," is supported by good cause. <u>Hayden v. Siemens Medical Systems, Inc.</u>, 106 F.R.D.

2

STIPULATED PROTECTIVE ORDER

551, 556 (S.D.N.Y. 1985). A "blanket" protective order, as opposed to a broader "umbrella" protective order, "permits the parties to protect documents that they in good faith believe contain trade secrets or other confidential commercial information. Such protective orders are routinely agreed to by the parties and approved by the courts in commercial litigation . . .." Bayer AG and Miles, Inc. v. Barr Laboratories, Inc., 162 F.R.D. 456, 465, (S.D.N.Y. 1995).

The proposed protective order was drafted specifically to protect the disclosure of each Party's commercially sensitive customer and sales information and confidential business information. Confidential information under this agreement is specifically defined below. Such information, under the proposed protective order, may be designated CONFIDENTIAL or CONFIDENTIAL ATTORNEY EYES ONLY, and is open to challenge by either Party, any third party, or the public.

C. Conclusion.

Based on the foregoing demonstration of good cause in support of the Parties' Proposed Stipulated Protective Order, this Order should be granted by the Court to protect the Parties' confidential business information.

## II. CONFIDENTIALITY AGREEMENT

1. In connection with discovery proceedings in this action, the Parties may designate documents[1], things, material, deposition testimony or other information

---

[1] Documents as used herein includes any written, printed, recorded or graphic matter, computer memory, computer tapes and diskettes, tapes, films, photographs, drawings, or any other tangible thing by which information is contained, stored or displayed, of every kind or description, however produced or reproduced, whether draft or final, original or reproduction, signed or unsigned, and regardless of whether approved, signed, sent, received, redrafted, or executed, including without limitation written and electronic communications, letters, correspondence, notes, memoranda of telephone conversations or meetings, diaries, desk calendars, interoffice communications, fax messages, E-mail, telegrams, telex messages, records, studies, summaries, analyses, statistical and financial statements, charts, graphs, reports, computer printouts, laboratory notebooks, invention disclosure documents, patent applications and drafts thereof, test records, rest reports, assignments, licenses, bills of sale, sale of business agreements, market studies, articles, publications, patents, manuals, magnetic tapes, tabulations, records, work papers, journals, microfiche, microfilm, photographic film, surveys, forms printed brochures or materials similar to any of the foregoing, however denominated, by whomever prepared, and whomever addressed, which are in your possession, custody or control to which you have, have had or can obtain access.

derived therefrom, as "Confidential" under the terms of Stipulated Protective Order (hereinafter "Order").

2. <u>Definitions</u>.

(a) <u>Party</u>: any Party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

(b) <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

(c) <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

(d) <u>Producing Party</u>: a Party or non-party that produces Disclosure or Discovery Material in this action.

(e) <u>Designating Party</u>: a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential."

(f) <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "Confidential."

(g) "<u>Confidential Information</u>" is information which has not been made public and which concerns or relates to production, sales, shipments, purchases, transfers, identification of customers, inventories, amount or source of any income, profits, losses, or expenditures of any persons, firm, partnership, corporation, or other organization, as well as any sales and budget analyses or forecasts, marketing plans and forecasts, technical, research, and developmental data, and/or research and development plans, the disclosure of which information may have the effect of causing harm to the competitive position of the person, firm, partnership, corporation, or organization from which the

information was obtained, that qualifies for protection under Federal Rule of Civil Procedure 26(c).

3. Confidential documents shall be so designated by stamping copies of the document produced to a Party with the legend "CONFIDENTIAL." Stamping the legend "CONFIDENTIAL" on the cover of any multi-page document shall designate all pages of the document as confidential, unless otherwise indicated by the producing Party. No item shall be deemed CONFIDENTIAL if it:

(a) was known to the receiving Party without obligation of confidentiality to the producing Party prior to disclosure by the producing Party, as evidenced by the receiving Party's written records;

(b) is subsequently disclosed to the receiving Party by a third Party having no obligation of confidentiality to the producing Party with respect to such information; or,

(c) is published or becomes generally known to the public through means not constituting a breach of this Order.

4. Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that <u>qualifies</u> under the appropriate standards. A Designating Party must take care to designate for protection <u>only</u> those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

5. Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other Parties), expose the Designating Party to be overruled by the Court.

6. If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for

the level of protection initially asserted, that Party or non-party must promptly notify all other Parties that it is withdrawing the mistaken designation.

7. Testimony taken at a deposition, conference, hearing or trial may be designated as Confidential by placing a statement to that effect on the record at the deposition or other proceeding. Arrangements shall be made with the court reporter taking and transcribing such proceeding to separately bind such portions of the transcript containing information designated as Confidential, and to label such portions appropriately. Any additional cost for separate binding/transcribing shall be paid for by the Designating Party.

8. Information and material designated as Confidential under this Order, the information contained therein, and any summaries, copies, abstracts, or other documents derived in whole or in part from material designated as Confidential (hereinafter, "Confidential Material") shall be used only for the purpose of the prosecution, defense, or settlement of this action, and for no other purpose.

9. Confidential Material produced pursuant to this Order may be disclosed or made available only to the Court, to counsel[2] for a Party (including the paralegal, clerical, and secretarial staff employed by such counsel), and to the "qualified persons" designated below:

(a) experts or consultants (together with their clerical staff) retained by such counsel to assist in the prosecution, defense, or settlement of this action;

(b) court reporter(s) employed in this action and their clerical staff;

(c) any other person as to whom the Parties in writing agree, provided each person who is acceptable to the Parties shall sign an agreement stating that he or she had read the Protective Order and agrees to be bound by the Protective Order and to

---

[2] "Counsel" as used herein refers to outside counsel only, unless otherwise stated.

submit to the jurisdiction of the Court prior to any disclosure being made to such person;

(d) a witness at any deposition or other proceeding in this action at which testimony may be elicited, solely for purposes of eliciting such testimony and who also signs Exhibit A;

(e) a professional vendor to whom disclosure is reasonably necessary for this litigation; and

(f) a Party, or an officer, director, or employee of a Party deemed necessary by counsel to aid in the prosecution, defense, or settlement of this action.

Confidential Material shall not be disclosed to persons described in Paragraph 9 unless and until such person has executed Attachment "A," or a declaration or affidavit substantially similar thereto. Such executed non-disclosure agreement or similar writing must be provided to all other Parties named in this action before any disclosure, along with a written statement setting forth such person's present business address, current employer, job title, and any past or present association with any Party or any competitor of any Party. Subject to the provisions of this section, designated material may be disclosed to the Court or Court officials.[3]

10. The Parties may further designate certain discovery material or testimony of a highly confidential and/or proprietary nature as "ATTORNEY'S EYES ONLY" (hereinafter "Attorney's Eyes Only Material"), in the manner described in paragraphs 1 and 3 above, before the end of the deposition. Attorney's Eyes Only Material, and the information contained therein, shall be disclosed only to the Court, to counsel for the Parties (including the paralegal, clerical, and secretarial staff employed by such counsel), and to the "qualified persons" listed in subparagraphs 9(a) through (e) above, but shall in no instance be disclosed to a Party, or to an officer, director or employee of Party, unless expressly agreed to in writing or ordered by the Court. If disclosure of

---

[3] The execution of Exhibit "A" requirement <u>does not</u> apply to the Court or court personnel.

Attorney's Eyes Only Material is made pursuant to this paragraph, all other provisions in this order with respect to confidentiality shall also apply. The Parties hereby agree that Attorney's Eyes Only Material is extremely sensitive, the disclosure of which to another Party or non-party would create a substantial risk of serious injury that could not be avoided by less restrictive means.

11. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

12. <u>Meet and Confer</u>. A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) with counsel for the Designating Party. In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

13. <u>Judicial Intervention</u>. A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion in compliance with the local court rules (including the Joint Stipulation requirement of Local Rule 37-2.1.) that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph and that sets forth with specificity the justification for the confidentiality designation that was given

STIPULATED PROTECTIVE ORDER

by the Designating Party in the meet and confer dialogue. The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Until the Court rules on the challenge, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

14. Nothing herein shall impose any restrictions on the use or disclosure by a Party of material obtained by such Party independent of discovery in this action, whether or not such material is also obtained through discovery in this action, or from disclosing its own Confidential Material as it deems appropriate.

15. The persons who may attend a deposition are limited to outside counsel or a person who is a "qualified person." At any time any counsel appearing at a deposition believes that there may be a disclosure of information that may be Attorney's Eyes Only Material, such counsel may require that anyone who is not outside counsel for a Party or a person described in Paragraph 9(a) through (e) of the Protective Order shall leave the room for so long as Attorney's Eyes Only Material is being discussed.

16. If Confidential Material, including any portion of a deposition transcript designated as Confidential or Attorney's Eyes Only, is included in any papers to be filed in Court, such papers shall be labeled "Confidential – Subject to Court Order" and submitted for filing under seal until further order of this Court, by sealing the necessary copies in separate envelopes with a copy of the title page attached to the front of each envelope and accompanied by a written application and a proposed order. Furthermore, pursuant to Local Rule 79-5.1, if any papers or documents to be filed with the Court contain Confidential Material, the proposed filing shall be accompanied by an application to file the papers or the portion thereof containing the Confidential Material (if such portion is segregable) under seal; and that the application shall be directed to the judge to whom the papers are directed.

17. In the event that any Confidential Material is used in any Court proceeding in this action, it shall not lose its confidential status through such use, and the Party using such shall take all reasonable steps to maintain its confidentiality during such use.

18. This Order shall be without prejudice to the right of the Parties (i) to bring before the Court at any time the question of whether any particular document or information is confidential or whether its use should be restricted or (ii) to present a motion to the Court under Fed. R. Civ. P. 26(c) for separate protective order as to any particular document or information including restrictions differing from those as specified herein. This Order shall not be deemed to prejudice the Parties in any way in any future application for modification of this Order.

19. This Order is entered solely for the purpose of facilitating the exchange of documents and information between the Parties to this action without involving the Court unnecessarily in the process. Nothing in this Order nor the production of any information or document under the terms of this Order nor any proceedings pursuant to this Order shall be deemed to have the effect of an admission or waiver by either Party or of altering the confidentiality or non-confidentiality of any such document or information or altering any existing obligation of any Party or the absence thereof.

20. If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," the Receiving Party must so notify the Designating Party, in writing (by fax, if possible) immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order. The Receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that caused the subpoena or order to issue. The purpose of imposing these duties is to alert the interested Parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear

the burdens and the expenses of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

21. This Order shall survive the final termination of this action. Upon termination of this case, unless otherwise ordered by the Court, counsel for each Party shall assemble all writings and recordings, as those terms are used in Federal Rules of Evidence, Rule 1001, which were produced and designated as "CONFIDENTIAL" or "ATTORNEYS EYES ONLY," and all writings and recordings which contain any such Confidential Material or Attorney's Eyes Only Material in whole or part. Each and every writing or recording that is Confidential Material or Attorney's Eyes Only Material or contains any such Confidential Material or Attorney's Eyes Only Material shall be delivered to counsel for the disclosing Party within thirty (30) days after the termination of the case, or they shall be destroyed. Any writing or recording that is covered by the attorney client communication privilege or the attorney work product privilege and contains any Confidential Material or Attorney's Eyes Only Material shall be gathered up and destroyed. A certification of destruction signed by the counsel of record who destroyed the writings and recordings shall be provided to lead counsel of record for any other Party upon reasonable written request therefor. Outside counsel may retain for their files one set of correspondence and court filings that are otherwise returned or destroyed.

22. Should any non-party discovery take place in this case, the Parties and their counsel agree that the provisions of this protective order shall extend to such non-Parties and any documents obtained thereby.

23. If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to

retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

SO STIPULATED.

Dated: March 24, 2009

BURKHALTER KESSLER
GOODMAN & GEORGE LLP

_____
David A. Berstein, Esquire
Attorneys for Defendant/Counter-Claimant
Advanced Alternative Concepts, Inc.

Dated: March ___, 2009

SILVER & FREEDMAN, PLC

By _____
Mitchell N. Reinis
Attorneys for Plaintiff/Counter-Defendant Metal Mulisha, LLC and Plaintiff MM Compound, LLC

**IT IS SO ORDERED.**

Dated: 3/25, 2009

_____
Honorable Oswald Parada
U.S. Magistrate Judge

retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

SO STIPULATED.

Dated: March __, 2009

BURKHALTER KESSLER
GOODMAN & GEORGE LLP

_____
David A. Berstein, Esquire
Attorneys for Defendant/Counter-Claimant
Advanced Alternative Concepts, Inc.

Dated: March 24, 2009

SILVER & FREEDMAN, PLC

By _____
Mitchell N. Reinis
Attorneys for Plaintiff/Counter-Defendant Metal Mulisha, LLC and Plaintiff MM Compound, LLC

**IT IS SO ORDERED.**

Dated: _____, 2009

_____
Honorable Oswald Parada
U.S. Magistrate Judge

# ATTACHMENT A
## NONDISCLOSURE AGREEMENT

I, _____ [print or type full name], of

_____

_____ [print or type full address], declare under penalty of perjury that I am fully familiar with the terms of the Stipulated Protective Order entered in *Metal Mulisha, LLC v. Advanced Alternative Concepts, Inc., et al.,* United States District Court for the Central District of California, Civil Action No. ED CV08-01356 SGL (OPx), and hereby agree to comply with and be bound by the terms and conditions of said Order unless and until modified by further Order of this Court. I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I hereby consent to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

Date: _____

Signature: _____

Print name: _____